UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIM EMILE, ARIELLE EMILE, and A.C.E., a minor child,<br><br>        Plaintiffs,<br><br>  v.<br><br>ETHICAL CULTURE FIELDSTON SCHOOL, JESSICA L. BAGBY, NIGEL FURLONGE, CARL ANHALT, and "JOHN AND JANE DOES," said names being fictitious and intended to represent individual employees, staff, teachers, and personnel of Ethical Culture Fieldston School,<br><br>        Defendants. | Case No. 21-cv-03799-JPO |

## STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for Plaintiffs KIM EMILE, ARIELLE EMILE, and A.C.E. (collectively, "Plaintiffs") and Defendants ETHICAL CULTURE FIELDSTON SCHOOL ("ECFS"), JESSICA L. BAGBY, NIGEL FURLONGE, CARL ANHALT, and "JOHN AND JANE DOES" (collectively, "Defendants") (Plaintiffs and Defendants, singularly, a "Party", and collectively, the "Parties"), that:

  1.  All documents, materials, items, and/or information produced by a Party or Non-Party (a "Producing Party") to any of the Parties in this case (a "Receiving Party") shall be governed by this Protective Order.

2. A Producing Party may designate any information or materials it produces in this action as (1) "Confidential" or (2) "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order (collectively referred to herein as "Protected Information").

3. For the purposes of information or materials produced during the course of litigation, information or materials designated "Confidential Information" means those things that may be disclosed to the Parties for the purposes of this action, but which should be protected against disclosure to third parties. This includes, but is not limited to, information or materials a Producing Party reasonably and in good faith believes contain or disclose information that the Producing Party, in the ordinary course, does not or would not publicly disclose, or which would, in the good faith judgment of the Producing Party, be detrimental to that Producing Party.

4. For the purposes of discovery produced during the course of litigation, information or materials designated "Highly Confidential – Attorneys' Eyes Only" means those things that the Producing Party in good faith believes are so sensitive that their disclosure to any person other than those specified in Paragraph 6(c) is likely to cause significant harm to an individual, or constitutes or is similar to information subject by law or contract to a legally protected right of privacy or that the Producing Party is otherwise under a preexisting obligation to maintain as confidential. Non-limiting examples of such information or materials include:

>     (a)   Protected Health Information ("PHI"), as that term is used in the Health Insurance Portability and Accountability Act ("HIPAA") and defined in 45 C.F.R. §§ 160 and 164. PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the

payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

(b)     Non-public information or materials regarding individuals, such as home addresses, social security numbers, dates of birth, financial records, educational records, disciplinary records, school attendance records, reports to child protection agencies, signed agreements and/or contracts, personnel records, employment records, payroll information, demographic data, and names of minors; and

(c)     Any other non-public information or materials naming or concerning ECFS families and students other than Plaintiffs.

5. Any information is deemed Protected Information if designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party, whether it is a document, information contained in a document, information revealed in an interrogatory answer, information revealed during deposition, and/or information revealed during a court proceeding or otherwise.  The protections conferred by this Protective Order also cover any information copied or extracted from Protected Information; all copies, excerpts, summaries, or compilations of Protected Information; and any testimony, conversations, or presentations by Parties or their counsel that reveals Protected Information.  This Protective Order pertains to all documents and materials provided by the Parties in connection with this litigation, even if the documents or materials are not specifically requested by a discovery request.

6. All Protected Information shall be subjected to the following restrictions:

(a)     All such Protected Information shall be used only for the purpose of prosecuting or defending this litigation and any related appeals and not for any other purpose whatsoever;

(b)     All information and materials designated as "Confidential" shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone except:

      i.      The Court and its employees;

      ii.     Court reporters;

      iii.    Attorneys of record, their associated attorneys, and the employees of such attorneys to whom it is necessary that the material be shown for the purpose of this litigation;

      iv.    Deponents at depositions;

      v.     Mediators and their employees;

      vi.    Experts;

      vii.   Professional vendors providing litigation support services, to whom it is necessary that the material be shown for the purpose of this litigation;

      viii.  The Parties, or the directors, officers and employees of the Parties who are assisting in the preparation of this case for trial and to whom, in the opinion of the attorney(s) for Plaintiffs or Defendants, it is necessary to the preparation of the Party's case that such material be shown; and

        ix.     Any other person only upon order of the Court or by written consent of the Producing Party.

(c)    Information or material designated as "Highly Confidential – Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the persons identified in Paragraph 6(b)(i)–(vii) and (ix).

(d)    Nothing in this Protective Order shall limit a Party's use or disclosure of its own information.

7.  The persons referred to in Paragraphs 6(b)–(c) to whom documents and copies of Protected Information are to be provided, discussed, made available, or otherwise communicated in any way, in whole or part, shall be told about the Protective Order and advised not to disclose such documents and/or information outside the context of this litigation.  All persons listed in Paragraphs 6(b)(vi)–(ix) may only receive access to Protected Information after they have confirmed their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

8.     Any Producing Party who inadvertently fails to designate Protected Information or otherwise wishes to change the designation of confidentiality under this Protective Order, may later attempt to do so, after making a good faith attempt to resolve the issue with the receiving party, by making such request to the Court detailing the nature of the designation change and setting forth the reasons why the Information was not properly designated from the outset.  In the event that the classification change is one from unprotected to protected, the moving party is required to meet the standard of proof set forth in Second Circuit Case Law.  If successful, then

the party who received the information will be required to follow the ruling of the Court.  The provisions of this paragraph shall not apply to any disclosure when the material disclosed has been relied upon by the Producing Party during trial, hearing, or in support of any position taken before the Court, other than in a sealed proceeding.

9. At any time during the period of this action, any Party who objects to the designation of any Confidential Information will advise the Producing Party in writing of its objection and the basis of the objection.  If the Parties are unable to resolve the objection in good faith, the objecting Party shall move for an order vacating the confidential designation.  While such an application is pending, the at issue Information will be treated as confidential under the terms of this Stipulation.  The Parties are not obligated to challenge the designation of any Protected Information at the time of receipt, disclosure, or designation, and are not precluded from raising any subsequent challenges.

10. At the conclusion of this action, including all appeals, all persons having received Protected Information hereunder, except the Court and those employed by the Court, shall return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or, alternatively, shall destroy such material and provide written certification of such destruction to counsel for the Producing Party, with the exception of documents retained for recordkeeping purposes by counsel for the Parties.  Counsel for the Parties are not required to destroy and/or return Attorney Work Product.  Notwithstanding the foregoing, all PHI that is subject to the provisions of HIPAA, including all copies made, shall be returned to the covered entity that provided it, as defined under 45 C.F.R. § 160.103, or destroyed within 90 days of the conclusion of this litigation, either through the settlement of the case, the dismissal of the case or

the entry of a final order (i.e., an order not subject to further appeal), as required by 45 C.F.R § 164.512(e)(1)(v)(B).

11. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

12. Entering into, agreeing to, and/or producing or receiving Protected Information or otherwise complying with the terms of this Protective Order shall not:

    (a) operate as an admission by any Party that any Protected Information contains or reflects any sensitive or confidential information;

    (b) operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular Protected Information;

    (c) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

    (d) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

    (e) prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

    (f) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly confidential information or persons to whom such information may be disclosed;

(g) prejudice in any way the rights of a Party to make a showing that information or material of a sensitive or confidential nature, but which is not specifically included in the categories of "Highly Confidential – Attorneys' Eyes Only" information or materials itemized in Paragraph 4 above, is properly designated "Highly Confidential – Attorneys' Eyes Only"; or

(h) prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material produced by the Parties.

13. Nothing in this Stipulation shall bar or otherwise restrict an attorney from rendering advice with respect to this litigation to the Party for which such attorneys have appeared of record in this action and, in the course thereof, referring to or relying generally upon their examination of documents produced to them in this action.

14. This Stipulation supersedes any previous arrangement for confidentiality entered into by the Parties.

15. This Stipulation may be changed by further written agreement of the Parties, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

I hereby consent to the form and entry of the within Confidentiality Stipulation.

| THE COCHRAN FIRM | WILMER CUTLER PICKERING HALE AND DORR LLP |
|---|---|
| By: */s/ Derek S. Sells (e-signed with consent)*<br>Derek S. Sells<br>55 Broadway, 23rd Floor<br>New York, New York 10006<br>Phone: (212) 553-9215<br>dsells@cochranfirm.com<br><br>*Attorney for Plaintiffs Kim Emile, Arielle Emile, and A.C.E.* | By: */s/ Debo P. Adegbile*<br>Debo P. Adegbile<br>Alan E. Schoenfeld<br>Alyson Zureick<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Phone: (212) 295-6717<br>debo.adegbile@wilmerhale.com<br>alan.schoenfeld@wilmerhale.com<br>alyson.zureick@wilmerhale.com<br><br>Ruth E. Vinson (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Tel: (202) 663-6073<br>Fax: (202) 663-6363<br>ruth.vinson@wilmerhale.com<br><br>*Attorneys for Defendants Ethical Culture Fieldston School, Jessica L. Bagby, Nigel Furlonge, and Carl Anhalt* |

Dated: New York, New York
September 3, 2021

SO ORDERED:

September 7, 2021

_____
J. PAUL OETKEN
United States District Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, _____ (print or type name), hereby acknowledge that I have received a copy of the Stipulated Protective Order (the "Order") entered on _____, 2021 in the matter entitled "*Kim Emile, Arielle Emile, and A.C.E. v. Ethical Culture Fieldston School, Jessica L. Bagby, Nigel Furlonge, Carl Anhalt, and "John and Jane Does"*", Case No. 21-cv-03799-JPO, pending before the Honorable J. Paul Oetken in the U.S. District Court for the Southern District of New York. My business/residence address is:

_____

_____

_____

_____

I hereby acknowledge that I have read and understand the Order, and agree to: (1) be bound by all of the provisions thereof and (2) submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of enforcing the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Agreement was executed on the _____ day of _____, 202_, in the city of _____, state of _____.

_____
(Signature)