**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIM EMILE, ARIELLE EMILE, and A.C.E., a minor child, | |
| Plaintiffs, | |
| v. | Case No. 21-cv-03799-JPO |
| ETHICAL CULTURE FIELDSTON SCHOOL, JESSICA L. BAGBY, NIGEL FURLONGE, CARL ANHALT, KYLE WILKIE-GLASS and "JOHN AND JANE DOES," said names being fictitious and intended to represent individual employees, staff, teachers, and personnel of Ethical Culture Fieldston School, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT** |
| Defendants. | |

Defendants Ethical Culture Fieldston School, Jessica L. Bagby, Nigel Furlonge, Carl Anhalt, and Kyle Wilkie-Glass, by and through their undersigned counsel, hereby answer and assert affirmative defenses and other defenses as follows to the Amended Complaint (ECF No. 40) of Plaintiffs Kim Emile, Arielle Emile, and A.C.E. Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendants deny each and every allegation and assertion set forth in the Amended Complaint. The paragraphs that follow align with the numbered paragraphs in the Amended Complaint.

## NATURE OF THE CLAIMS[1]

1.      The allegations contained in Paragraph 1 constitute conclusions of law and Plaintiffs' characterization of their case, to which no answer is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2.      Paragraph 2 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3.      Paragraph 3 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 3.

## JURISDICTION & VENUE

4.      Paragraph 4 states legal conclusions and Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.

5.      Paragraph 5 states legal conclusions and Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 5.

## PARTIES

### PLAINTIFFS

*Plaintiff Arielle Emile*

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6.

---

[1] The repetition of the headings and subheadings contained in the Amended Complaint is not an adoption of those headings, nor an admission of their truth.  Rather, Defendants include those headings in this Answer purely for the Court's ease of reference.

7.     Defendants admit that Arielle Emile, an African-American female, was enrolled at ECFS from Academic Year ("AY") 2006-2007 through AY 2019-2020.

8.     Defendants deny the allegations in Paragraph 8, except admit that Arielle Emile was a student at ECFS from AY 2006-2007 through AY 2019-2020.

### Plaintiff A.C.E.

9.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9.

10.    Defendants admit that A.C.E., an African-American male, was enrolled at ECFS from AY 2007-2008 through AY 2020-2021, but deny that A.C.E. is presently enrolled at ECFS.

### Plaintiff Kim Emile

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11.

12.    Defendants admit the allegations in Paragraph 12.

## DEFENDANTS

### Defendant ECFS

13.    Defendants admit that Ethical Culture Fieldston School is a not-for-profit organization with a physical location at 3901 Fieldston Road, Bronx, NY 10471.

14.    Defendants admit that that ECFS operates under an absolute charter approved by the New York State Board of Regents.

### The Individually-Named Defendants

15.    Paragraph 15 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 15, except Defendants admit that Ms. Bagby was the ECFS Head of School from AY 2016-2017 through AY 2020-2021.

16.     Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16, except admit that Mr. Wilkie-Glass has served in various positions since joining ECFS in 2016 as the Director of Campus Operations and Auxiliary Services and that he is the Interim Head of School for AY 2021-2022.

17.     Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17, except admit that Mr. Furlonge was the Principal of the Fieldston Upper School from AY 2018-2019 through AY 2020-2021.

18.     Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18, except admit that Mr. Anhalt was a Dean at the Fieldston Upper School from AY 2013-2014 through AY 2020-2021.

19.     Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 19.

## **PROCEDURAL REQUIREMENTS**

20.     Paragraph 19[2] states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 19.

21.     Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

---

[2] The Amended Complaint labels both the last paragraph in the "Defendants" section and the first paragraph in "Procedural Requirements" section as Paragraph 19. For consistency with Plaintiffs' Amended Complaint, Defendants refer to each paragraph using the number assigned that paragraph in the Amended Complaint.

## FACTUAL ALLEGATIONS

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, except admit that ECFS aims to provide a progressive educational experience that promotes academic excellence and ethical learning.

23.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 22, except admit that Kim Emile entered into annual contracts with ECFS regarding Arielle Emile's enrollment at ECFS for AY 2006-2007 through AY 2019-2020 and A.C.E.'s enrollment at ECFS for AY 2007-2008 through AY 2020-2021.

24.     Defendants deny the allegations in Paragraph 23, except admit that Kim Emile entered into annual contracts with ECFS regarding Arielle Emile's enrollment at ECFS for AY 2006-2007 through AY 2019-2020 and A.C.E.'s enrollment at ECFS for AY 2007-2008 through AY 2020-2021 and admit that ECFS maintains a Code of Conduct and other school regulations and policies with which students are expected to comply.

25.     Paragraph 24 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 24.

26.     Paragraph 25 states legal conclusions and Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 25.

## DISCRIMINATORY TREATMENT OF ARIELLE EMILE

27.     Paragraph 26 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the first sentence of Paragraph 26.  Defendants

further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27.

29.     Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28.

30.     Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, ECFS denies that it discriminated against students, including Arielle Emile, based on race. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

32.     Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31.

33.     Paragraph 32 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

34.     Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they maintained a racially hostile educational environment and deny that they treated students disparately based on race. Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 33.

35.	Paragraph 34 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they maintained a racially hostile educational environment and deny that they treated students disparately based on race.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34.

36.	Paragraph 35 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they maintained a racially hostile educational environment.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35.

37.	Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36.

38.	Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, except Ms. Bagby denies the final sentence of Paragraph 37.

39.	Paragraph 38 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they treated students disparately based on race.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38.

40.	Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39.

41.	Paragraph 40 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they maintained a racially hostile educational environment and deny that they treated students disparately based on race.  Defendants deny

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 40.

42.     Paragraph 41 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they treated students disparately based on race and deny that Black students receive accommodations "rarely if ever."  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41.

43.     Paragraph 42 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 42.

44.     Paragraph 43 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they retaliated against any students. Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44.

46.     Paragraph 45 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they maintained a racially hostile educational environment and deny that they treated students disparately based on race.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 45.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46.

48.     Paragraph 47 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they treated students disparately based on race. Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 47.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48, except Ms. Bagby denies that she told Ms. Hostin "in sum and substance" that she "should just be happy that he [Gabriel] got into Harvard."

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, except ECFS admits that during AY 2015-2016, some Upper School students placed a watermelon in the office of an African-American dean.

## DISCRIMINATORY TREATMENT OF A.C.E.

52.     Paragraph 51 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 51.

53.     Defendants deny that they treated students disparately based on race.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 52.

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53.

55.     Paragraph 54 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they treat students disparately based on race.

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55.

57.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56, except ECFS admits that during AY 2015-2016, some Upper School students placed a watermelon in the office of an African-American Dean.

58.     Paragraph 57 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they maintained a racially hostile educational environment.  ECFS further denies that it failed to address the watermelon incident.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 57.

59.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58.

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59.

61.     Ms. Bagby admits that she met with Ms. Emile, Ms. Emile's sister, Ms. Emile's mother, Ms. Chiu, and Ms. Fernandez, and that Mr. Hanson did not attend this meeting.  ECFS and Ms. Bagby deny all remaining allegations in Paragraph 60.  Mr. Furlonge, Mr. Anhalt, and Mr. Wilkie-Glass deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60.

62.     ECFS and Ms. Bagby deny the allegations in Paragraph 61.  Mr. Furlonge, Mr. Anhalt, and Mr. Wilkie-Glass deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61.

63.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62.

64.     Paragraph 63 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they treated students disparately based on race or that A.C.E. was not offered educational services or accommodations.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 63.

65.     Paragraph 64 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they treated students disparately based on race. Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 64.

66.     Defendants deny that A.C.E. was not offered additional academic services or accommodations.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 65.

67.     Paragraph 66 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they treated students disparately based on race. Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 66, except Mr. Anhalt admits that during A.C.E.'s tenth-grade year he provided one-on-one instruction to A.C.E. in algebra.

68.     Paragraph 67 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 67.

69.     Paragraph 68 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they defamed or retaliated against any ECFS students or families.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 68, except admit that on March 27, 2018, Ms. Bagby sent an email to ECFS families regarding a lawsuit filed by M.H.B. and his parents.

70.     Paragraph 69 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they discriminated against students based on race and deny that they treated students disparately based on race.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 69.

### PRIOR DISCRIMINATORY TREATMENT OF OTHER AFRICAN-AMERICAN STUDENTS AND FIELDSTON'S ADMISSION THAT IT HAS TRAUMATIZED AFRICAN AMERICAN STUDENTS

71.     Paragraph 70 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 70.

72.     Paragraph 71 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they discriminated against Malakai Hart based on race.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 71.

73.     Paragraph 72 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they discriminated against Malakai Hart based

on race.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 72.

74.    Paragraph 73 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny they maintained a racially hostile educational environment and deny that they disparately applied ECFS policies based on race.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 73, except admit that ECFS's Code of Conduct prohibits harassment on the basis of race.

75.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74.

76.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75.

77.    Paragraph 76 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they disparately applied ECFS policies based on race.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 76, except ECFS admits that on or about May 18, 2016, a librarian asked Malakai Hart to leave the school library due to noise concerns.

78.    Paragraph 77 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that the Code of Conduct was applied unequally or improperly and that no action was taken in response to Malakai Hart's concerns.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 77, except that ECFS admits that Malakai Hart spoke with John Reyes.

79.     Paragraph 78 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they maintained a racially hostile educational environment.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78, except ECFS admits that during the 2015-2016 school year, some Upper School students placed a watermelon in the office of an African-American dean.

80.     Paragraph 79 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they disparately applied ECFS disciplinary policies based on race.  Defendants further deny that they had a policy or practice of failing to discipline students for incidents of sexual misconduct.  Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 79.

81.     Paragraph 80 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they disparately applied ECFS policies to students based on race but admit that in or about March 2019, students held a protest in campus buildings.

82.     Paragraph 81 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they maintained a racially hostile environment and deny that Ms. Bagby admitted to the existence of such an environment.  Defendants admit that on March 12, 2019, Ms. Bagby sent an email to ECFS families, faculty, and students.  The email speaks for itself.

83.     Paragraph 82 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 82.

14

84. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they created or developed a policy or practice of subverting complaints of race discrimination or of retaliating against those who made such complaints.

85. Defendants deny the allegations in Paragraph 84.

86. Defendants deny the allegations in Paragraph 85.

87. Defendants deny the allegations in Paragraph 86, except admit that the alleged "No Blind Spot" or "No B.S." policy was not part of any official school policy.

88. Defendants deny the allegations in Paragraph 87.

89. Defendants deny the allegations in Paragraph 88.

90. Defendants deny the allegations in Paragraph 89.

## RETALIATION AGAINST THE EMILE FAMILY FOR REPORTING RACIAL HOSTILITY, BIGOTRY, EDUCATIONAL INEQUITIES AND PREJUDICE

91. Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they fostered a racially hostile educational environment, disparately applied ECFS policies based on race, or retaliated against any ECFS students or families. Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 90.

92. Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, Defendants restate and adopt the answers to Paragraphs 1 through 90. Defendants admit that on or about February 16, 2021, Plaintiffs' counsel sent a letter to Ms. Bagby. The letter speaks for itself.

93. Paragraph 92 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

94.     Paragraph 93 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 93.

95.     Defendants deny the allegations in Paragraph 94, except admit that Mr. Anhalt participated in interviews with A.O. and O.B. regarding A.C.E.'s complaint.

96.     Paragraph 95 states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Mr. Anhalt participated in interviews with A.O. and O.B. regarding A.C.E.'s complaint and that O.B. provided evidence in his interview that A.C.E. had posted offensive or inappropriate content on social media.  Defendants deny the remaining allegations in Paragraph 95.

97.     Paragraph 96 states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Mr. Anhalt participated in interviews with A.O. and O.B. regarding A.C.E.'s complaint and that O.B. provided evidence in his interview that A.C.E. had posted offensive or inappropriate content on social media.  Defendants deny the remaining allegations in Paragraph 96.

98.     Defendants admit that Mr. Furlonge and Mr. Graves interviewed A.C.E. on March 25, 2021, on the ECFS campus.  Defendants deny all remaining allegations in Paragraph 97.

99.     Paragraph 98 states legal conclusions to which no response is required.  To the extent a response is required, ECFS, Ms. Bagby, Mr. Wilkie-Glass, and Mr. Furlonge deny the allegations in Paragraph 98.  Mr. Anhalt denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98.

100.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99, except ECFS, Ms. Bagby, Mr. Wilkie-Glass, and Mr.

Furlonge admit that neither Sunny Hostin nor Plaintiffs' counsel attended the interview on March 25, 2021.

101.    Paragraph 100 states legal conclusions to which no response is required.  To the extent a response is required, ECFS, Ms. Bagby, Mr. Wilkie-Glass, and Mr. Furlonge deny the allegations in Paragraph 100.  Mr. Anhalt denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100.

102.    Paragraph 101 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they retaliated against Plaintiffs.  ECFS, Ms. Bagby, Mr. Wilkie-Glass, and Mr. Furlonge deny all remaining allegations in Paragraph 101.  Mr. Anhalt denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 101.

103.    Paragraph 102 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that they retaliated against Plaintiffs.  ECFS, Ms. Bagby, Mr. Wilkie-Glass, and Mr. Furlonge further deny all remaining allegations in Paragraph 102, except Mr. Furlonge admits that on April 14, 2021, he sent an email to Ms. Emile.  Mr. Anhalt denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 102.

104.    Paragraph 103 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 103.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violations of 42 U.S.C. § 1981 Discrimination and Retaliation)

105.    Defendants restate and adopt the answers to Paragraphs 1 through 144 and state that the Amended Complaint contains only 145 numbered paragraphs.[3]

106.    Paragraph 105 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 105.

107.    Paragraph 106 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 106.

108.    Paragraph 107 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 107.

109.    Paragraph 108 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 108.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Race Discrimination Under New York State Human Rights Law)

110.    Defendants restate and adopt the answers to Paragraphs 1 through 144 and state that the Amended Complaint contains only 145 numbered paragraphs.

111.    Paragraph 110 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 110.

112.    Paragraph 111 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 111.

113.    Paragraph 112 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 112.

---

[3] As noted above, the Amended Complaint contains two paragraphs denoted as Paragraph 19. Thus, the numbered paragraphs in the Amended Complaint run from Paragraph 1 through Paragraph 144, but the Amended Complaint contains 145 numbered paragraphs in total.

**<u>AS AND FOR A THIRD CAUSE OF ACTION</u>**
**(Retaliation Under New York State Human Rights Law)**

114.    Defendants restate and adopt the answers to Paragraphs 1 through 144 and state that the Amended Complaint contains only 145 numbered paragraphs.

115.    Paragraph 114 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 114.

116.    Paragraph 115 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 115.

117.    Paragraph 116 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116.

**<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>**
**(Aiding and Abetting in Violation of New York State Human Rights Law)**

118.    Defendants restate and adopt the answers to Paragraphs 1 through 144 and state that the Amended Complaint contains only 145 numbered paragraphs.

119.    Paragraph 118 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118.

120.    Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 119.

121.    Paragraph 120 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 120.

122.    Paragraph 121 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Race Discrimination Under New York City Human Rights Law)

123.    Defendants restate and adopt the answers to Paragraphs 1 through 144 and state that the Amended Complaint contains only 145 numbered paragraphs.

124.    Paragraph 123 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 123.

125.    Paragraph 124 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 124.

126.    Paragraph 125 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 125.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Retaliation Under New York City Human Rights Law)

127.    Defendants restate and adopt the answers to Paragraphs 1 through 144 and state that the Amended Complaint contains only 145 numbered paragraphs.

128.    Paragraph 127 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 127.

129.    Paragraph 128 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 128.

130.    Paragraph 129 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 129.

131.    Paragraph 130 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 130.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Aiding and Abetting in Violation of New York City Human Rights Law)

132. Defendants restate and adopt the answers to Paragraphs 1 through 144 and state that the Amended Complaint contains only 145 numbered paragraphs.

133. Paragraph 132 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132.

134. Paragraph 133 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 133.

135. Paragraph 134 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 134.

136. Paragraph 135 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision)

137. Defendants restate and adopt the answers to Paragraphs 1 through 144 and state that the Amended Complaint contains only 145 numbered paragraphs.

138. Paragraph 137 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 137.

139. Paragraph 138 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

140. Paragraph 139 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 139.

141. Paragraph 140 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 140.

142.     Paragraph 141 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 141.

143.     Paragraph 142 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 142.

144.     Paragraph 143 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 143.

145.     Paragraph 144 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 144.

## PRAYER FOR RELIEF

Defendants state that no response is required to Plaintiffs' prayer for relief in the paragraphs following Paragraph 144.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in the Amended Complaint, or any relief at all.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of any claim asserted in the Amended Complaint, Defendants assert the following affirmative and other defenses:

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendants acted at all times reasonably and with due care; reasonably relied upon the actions and statements of others; and did not directly or indirectly cause, induce, aid, or abet any acts constituting the claims asserted by Plaintiffs.

### THIRD DEFENSE

Defendants did not engage in any unlawful conduct, and Defendants are not liable for any unlawful acts that may have been committed by others.

### FOURTH DEFENSE

Plaintiffs have failed to mitigate, minimize, or avoid any alleged damages.

### FIFTH DEFENSE

The alleged damages sought by Plaintiffs are barred, in whole or in part, by the applicable statute(s) of limitations and/or by laches.

### SIXTH DEFENSE

The Amended Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiffs have expressly and/or impliedly waived the right to assert such causes of action by virtue of their verbal and/or written expressions or conduct.

### SEVENTH DEFENSE

Plaintiff Kim Emile lacks standing to bring this action.

### EIGHTH DEFENSE

To the extent Plaintiffs suffered any injuries, race was not the but-for cause of such injuries.

### NINTH DEFENSE

Plaintiffs are estopped from asserting the claims in the Amended Complaint, and therefore from recovering any relief, by virtue of Plaintiffs' own actions and course of conduct.

### TENTH DEFENSE

The doctrine of unclean hands bars Plaintiffs from asserting the claims in the Amended Complaint and therefore from seeking any relief for those claims.

## ELEVENTH DEFENSE

Plaintiffs cannot establish facts sufficient to constitute a viable legal claim for punitive damages against any of the Defendants.

## TWELFTH DEFENSE

Defendants at all times had a bona fide policy against discrimination that was implemented in good faith.

## THIRTEENTH DEFENSE

Defendants acted at all times in good faith to prevent discrimination and to implement and enforce ECFS's policies in a non-discriminatory manner.

## FOURTEENTH DEFENSE

Plaintiffs' allegations do not concern any activities enumerated in 42 U.S.C. § 1981.

## FIFTEENTH DEFENSE

Defendants did not intentionally discriminate against Plaintiffs on the basis of race.

## SIXTEENTH DEFENSE

Defendants did not create or maintain a hostile educational environment.

## SEVENTEENTH DEFENSE

Defendants did not act with deliberate indifference.

## EIGHTEENTH DEFENSE

The alleged discrimination was not severe and pervasive enough to deprive Plaintiffs of access to the educational benefits or opportunities provided by ECFS.

## NINETEENTH DEFENSE

Defendants had legitimate nondiscriminatory reasons for any allegedly discriminatory conduct.

## TWENTIETH DEFENSE

Plaintiffs are precluded from recovering the damages alleged in the Amended Complaint because those damages are too vague, ambiguous, excessive, unreasonable, uncertain, and speculative to permit recovery.

## TWENTY-FIRST DEFENSE

Defendants hereby reserve and assert all affirmative and other defenses available under any applicable federal or state law. Defendants presently have insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, affirmative or other defenses available. Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert additional defenses, counterclaims, cross-claims, and third-party claims at any subsequent stage of this action in the event that discovery indicates that such additional defenses or claims would be appropriate.

***

WHEREFORE, having fully answered all of the allegations of the Amended Complaint to which any answer is required, Defendants pray for relief and judgment:

A.      Dismissing the Amended Complaint with prejudice;

B.      Denying Plaintiffs the relief sought in the Amended Complaint;

C.      Ordering that Plaintiffs take nothing, and that judgment be entered against Plaintiffs;

D.      Awarding Defendants costs and expenses incurred as a result of having to defend this action; and

E.      Granting Defendants such other relief as the Court may deem just and proper.

Dated: February 7, 2022
     New York, New York

Respectfully submitted,

*/s/Alan S. Schoenfeld*
Alan E. Schoenfeld
Debo P. Adegbile
Ruth E. Vinson (*pro hac vice*)
Alyson Zureick
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
debo.adegbile@wilmerhale.com
alan.schoenfeld@wilmerhale.com
ruth.vinson@wilmerhale.com
alyson.zureick@wilmerhale.com

*Attorneys for Defendants Ethical Culture
Fieldston School, Jessica L. Bagby, Nigel
Furlonge, Carl Anhalt, and Kyle Wilkie-Glass*