UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM EMILE, *et al*.,

                                        Plaintiffs,

                    -v-

ETHICAL CULTURE FIELDSTON
SCHOOL, *et al*.,

                                        Defendants.

21-CV-3799 (JPO)

MEMORANDUM
AND ORDER

J. PAUL OETKEN, District Judge:

This case involves claims of discrimination and retaliation under federal and state law against the Ethical Culture Fieldston School ("ECFS") and certain of its employees.  The Plaintiffs are two students who recently attended the school and their mother.

Presently before the Court is Defendants' motion to enforce a settlement agreement. (ECF No. 74.)  For the reasons discussed during the telephone conference held on July 24, 2023, and the additional reasons addressed below, the motion to enforce the settlement is granted.

I

It is well settled that a "district court has the power, and indeed the duty, to enforce summarily, on motion, a settlement agreement reached in a  case pending before it."  *Lindner v. Am. Express Corp*., No. 06 Civ. 3834, 2007 WL 1623119, at *3 (S.D.N.Y. June 5, 2007).

The principles that govern this motion are set forth in *Murphy v. Institute of Int'l Education*, 32 F.4th 146 (2d Cir. 2022), and *Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78 (2d Cir. 1985).  As the Second Circuit explained in *Murphy*, settlement agreements are contracts and must be construed according to the principles of contract law.  32 F.4th at 150.  A "Type I" preliminary contract exists "'when the parties have reached complete agreement (including the agreement to be bound) on all the issues perceived to require negotiation.'"  *Id.*

1

(quoting *Teachers Ins. & Annuity Ass'n of Am. v. Tribune Co.*, 670 F. Supp. 491, 498 (S.D.N.Y. 1987)).  In *Winston*, the court articulated four factors to be considered in determining whether something constitutes a Type I agreement.  The four *Winston* factors are: "(1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing."  777 F.2d at 80.

While the *Winston* factors may be helpful, they are not a "talismanic scorecard."  *Id.* at 151.  Rather, "'the ultimate issue, as always, is the intent of the parties:  whether the parties intended to be bound, and if so, to what extent.'"  *Id.* (quoting *Vacold LLC v. Cerami*, 545 F.3d 114, 125 (2d Cir. 2008).

## II

On July 31, 2022, after a year of document discovery and the day before Plaintiff Kim Emile's deposition, the parties reached a settlement in principle which was memorialized in an email chain.  The email from Defendants' counsel stated that, "consistent with our conversation, we have agreed to resolve the complaint filed by [Plaintiffs] for [a specified payment]."[1]  The email further stated that "[t]he agreement will incorporate both non-disparagement and confidentiality provisions."  It also stated that Defendants would consider a tax proposal with

---

[1] As the Court has previously ruled (*see* ECF No. 79), the specific amount of the settlement, as distinguished from the general terms of the settlement, is not directly relevant to the determination of whether the parties reached a binding agreement.  Further, the Court finds that the privacy interests in maintaining the confidentiality of the settlement amount are strong here, given that the parties agreed to a duty of confidentiality.  Accordingly, even if the settlement amount is part of a judicial document, the interest in public access is outweighed by the privacy interests at stake.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

respect to the settlement proceeds, "but the resolution of this case is not contingent on any particular classification of the settlement proceeds." (ECF No. 78-1.)

Counsel for Plaintiffs, Derek Sells, responded by email as follows: "This is our understanding. We have an agreement on the terms you detailed below." (ECF No. 78-1.) Based on this agreement in principle, the parties adjourned the deposition scheduled for the next day and suspended further discovery.

The Court finds that as of July 31, 2022, the parties had reached a Type I agreement and intended to be bound by the material terms of their agreement in principle: (1) payment to Plaintiffs; (2) release of Plaintiffs' claims; and (3) confidentiality and non-disparagement.

The first *Winston* factor — the absence of "an express reservation of the right not to be bound in the absence of a writing" — supports a finding that the parties entered into a binding settlement agreement. Far from expressing a reservation, Plaintiffs' counsel clearly stated that "*we have an agreement*" on the terms set forth in the email. While it is true that the parties contemplated a further written agreement (and proceeded to circulate a draft agreement), that fact does not preclude a finding of an earlier binding agreement; Type I agreements routinely envision "'a more elaborate formalization of the agreement,' which, although not necessary, is desirable." *Murphy*, 32 F.4th at 150 (quoting *Teachers Ins. & Annuity Ass'n of Am.*, 670 F.Supp. at 498). Indeed, the fact that Defendants' email specified that the settlement was *not* contingent on a separate matter (tax treatment of settlement proceeds) suggests that the other terms were material and binding. Nor is it dispositive that the later-circulated written draft agreement contained standard terms such as a merger clause. *See In re Lehman Bros. Holdings Inc.*, 739 F. App'x 55, 57 (2d Cir. 2018).

The second *Winston* factor is whether there has been partial performance of the contract. Although the settlement payment has not been made, the parties have complied with the confidentiality and non-disparagement terms.  Significantly, the parties immediately ceased discovery on the eve of Plaintiffs' depositions in reliance on the settlement.  *See Lopez v. City of New York*, 242 F. Supp. 2d 392, 393-94 (S.D.N.Y. 2003).  It is hardly surprising that payment has not been made given that Plaintiffs did not sign a written version of the agreement, cut off communications with Defendants as the discovery deadlines passed, and proceeded to retain new counsel to challenge the settlement.  This factor favors Defendants under the circumstances.

The third *Winston* factor is whether all the terms have been agreed upon.  The settlement in this case was a relatively simple one:  a lump sum payment, a release of claims, and duties of confidentiality and non-disparagement.  All the material terms had been agreed upon as of July 31, 2022, when Plaintiffs' counsel wrote that "[w]e have an agreement on the terms you detailed below."  Again, the parties' intention to formalize the settlement in a subsequent written agreement does not preclude a finding of a binding agreement where, as here, the parties had already expressly reached agreement on all the material terms.  *See In re Lehman Bros. Holdings Inc.*, 2017 WL 3278933, at *4 (S.D.N.Y. Aug. 2, 2017), *aff'd*, 739 F. App'x 55 (2d Cir. 2018). Because the parties agreed on all the *material* terms as of July 31, 2022, this factor favors enforcement of the settlement.

The fourth *Winston* factor is whether the agreement is the type of contract that is usually committed to writing.  Because agreements of this sort are typically committed to writing, this factor tends to weigh against enforcement in the *Winston* analysis.  This factor has relatively little weight here, however, given the relative simplicity of the agreement's material terms and

the explicit acceptance of those terms by Plaintiffs' counsel on July 31, 2022. *See Walker v. City of New York*, 2006 WL 1662702, at *9 (E.D.N.Y. June 15, 2006).

Significantly, Plaintiffs, through their new counsel, Nathaniel B. Smith, do *not* contend that Plaintiffs' prior counsel acted outside his actual or apparent authority in accepting the material terms communicated by Defendants on July 31, 2022.[2]  They do argue that the draft written agreement circulated in September 2022 contained overly broad and onerous confidentiality and non-disparagement provisions.  However, it is unnecessary at this juncture for the Court to decide whether the specific terms in the September 2022 written draft are so unreasonable that they are beyond what the parties reasonably anticipated in their July 31, 2022 agreement — because it is the July 31, 2022 agreement that the Court finds enforceable.[3]

---

[2] This is in contrast to the position that Mr. Smith took when he first appeared for Plaintiffs in this case.  At that time, he indicated that the Plaintiffs had not understood or agreed to confidentiality or non-disparagement terms.  (ECF No. 87 (12/1/2022 Tr.) at 4 – 5.)  As a result of that contention, the Court permitted Plaintiffs' prior counsel, Mr. Sells, to submit communications with his clients to the Court on an *ex parte* basis.  It is unnecessary for the Court to rely on those communications to decide the present motion.  The Court notes, however, that those communications support Mr. Sells' position (now conceded by Plaintiffs through Mr. Smith) that he acted with his clients' authority in agreeing to the terms of the settlement reached on July 31, 2022, including those requiring confidentiality and non-disparagement.

[3] During the July 24 telephone conference, counsel for the parties expressed some optimism that they could agree on specific language regarding confidentiality and non-disparagement in light of the Court's determination that the July 31, 2022 settlement was a binding agreement.  Accordingly, the parties have been given until August 14, 2023 to reach resolution on that issue and to submit a joint status letter.  (*See* ECF minute entry for 7/24/2023.)

III

For the foregoing reasons, Defendants' motion to enforce the settlement agreement (ECF No. 74) is GRANTED.

The Clerk of Court is directed (1) to terminate the motion at ECF No. 74 and (2) to lift the stay of this action.

SO ORDERED.

Dated: July 26, 2023
        New York, New York

_____
            J. PAUL OETKEN
        United States District Judge